UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80730-CIV-MIDDLEBROOKS/WHITE

JULIUS FRANKLIN ROCKER III,

    Plaintiff,

v.

RIC L. BRADSHAW, Palm Beach County
Sheriff, and ARMOR CORRECTIONAL
HEALTH, INC.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Plaintiff's ("Rocker") *pro se* Complaint under the Civil Rights Act pursuant to 28 U.S.C. § 1983 ("§ 1983 Motion") (CV-DE 1), filed on June 26, 2011. This matter was referred to the Honorable United States Magistrate Judge Patrick A. White, who issued a Report and Recommendation (CV-DE 7) ("Report") recommending that Rocker's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (CV-DE 7 at 4). Judge White filed the Report on July 26, 2011, and since that time neither the United States nor Rocker has filed an objection to the Report. I have considered Judge White's Report, Rocker's Complaint, and am otherwise fully advised in the premises.

Having conducted an independent *de novo* review of the record in this case, I find that Judge White correctly determined that Petitioner's Complaint should be dismissed and the case should be closed.

1

Rocker filed his Complaint while proceeding *in forma pauperis*. When a plaintiff files a complaint *in forma pauperis*, the court applies the same standard under 28 U.S.C. § 1915(e)(2)(B) ("§ 1915(e)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") when determining whether a complaint states a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A claim is frivolous under § 1915(e) if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to allege a § 1983 claim that states a claim upon which relief may be granted, a plaintiff must allege that a defendant violated plaintiff's federally protected rights while acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312 (1981). Construing Rocker's Complaint liberally, he alleges the following claims: (1) the deduction of a daily subsistence fee and medical treatment fee from his inmate account is unconstitutional and (2) other similarly situated inmates are not being charged daily subsistence fees and medical treatment fees. (CV-DE 1).

Rocker's first claim for relief alleges that his constitutional rights are being violated by the deduction of a daily subsistence fee and fees for his medical treatment. (CV-DE 1 at 4). I agree with Judge White's legal finding that Rocker has not alleged that Defendants have violated a federally protected right. (CV-DE 7 at 5). The Constitution requires governmental entities "to provide pretrial detainees reasonable and adequate nourishment and medical care," but as long as those needs are provided, the pretrial detainees constitutional rights are not violated. (CV- DE 7 at 5-6). Thus, it is a "matter of state law" to determine who should bear the cost of the care. (CV- DE 7 at 5-6). Pursuant to Florida Statute § 951.033, the chief correctional officer "may seek payment for the

prisoner's subsistence costs from . . . the prisoner's cash account on deposit at the facility." F.S. § 951.033(5)(a). In *Solomos v. Jenne*, the Fourth District Court of Appeals held that F.S. § 951.033 neither violated an inmate's constitutionally guaranteed rights nor is unconstitutionally vague. *Solomos v. Jenne*, 776 So.2d 953 (Fla. Dist. Ct. App. 2000). Additionally, federal courts have upheld the constitutionality of Florida's statute that "supports the withdrawal of subsistence fees, and medical costs from a prisoner's prison account." (CV-DE 7 at 6 (citing *Poulin v Jeter*, No. 6:08-cv-299-Orl-31KRS, 2010 WL 3701384, at *8 (M.D. Fla. 2010)). Therefore, Rocker fails to satisfy the first requirement of a § 1983 claim because he has not alleged that the Defendants have violated a constitutionally protected right. Also, Rocker's claim is frivolous because his claim has no basis in the law since both federal and state courts have upheld the constitutionality of F.S. § 951.033. Thus, I agree with Judge White's finding that Rocker's first claim fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Rocker's second claim alleges that other similarly situated inmates are not being charged daily subsistence fees and medical treatment fees. (CV-DE 1). I agree with Judge White that this claim fails to state a claim upon which relief can be granted because it is conclusory. (CV-DE 7 at 6). Rocker failed to include any facts that support his claim. (CV-DE 7 at 6). While a plaintiff does not need to include detailed factual allegations in his complaint, a plaintiff must allege both the grounds of his entitlement to relief and sufficient "factual allegations . . . [that] raise [his] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). Rocker's second claim fails to satisfy the requirements of Rule 12(b)(6) and §

1915(e)(2)(B)(ii), because he failed to plead any factual allegations that raise his right to relief above a speculative level. Thus, I agree with Judge White's finding that Rocker's second claim fails to state a claim on which relief may be granted under 28 U.S.C. 1915(e)(2)(B)(ii) and should be dismissed on the merits.

For the reasons stated in the Report, and upon a careful, *de novo* review of the record, it is hereby

**ORDERED AND ADJUDGED** that Judge White's Report and Recommendation (CV-DE 7) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Rocker's Complaint is **DISMISSED WITH PREJUDICE** and this **CASE IS CLOSED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 13 day of September, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:
Julius Franklin Rocker III, *Pro Se*
Palm Beach County Detention Center
Address of record